**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | | |
|---|---|---|
| **BILLY WILLIAMS,** | § | |
| | § | |
| **Plaintiff,** | § | |
| **v.** | § | **Civil Action No. 3:13-CV-2179-O-BH** |
| | § | |
| **ERIC HOLDER, et al.,** | § | |
| | § | |
| **Defendants.** | § | **Referred to U.S. Magistrate Judge** |

<u>**FINDINGS, CONCLUSIONS, AND RECOMMENDATION**</u>

Pursuant to *Special Order No. 3-251*, this *pro se* case was automatically referred for pretrial management. Before the Court for recommendation are *Defendants' Motion to Dismiss*, filed November 18, 2013 (doc. 8), and *Plaintiff's Motion for Summary Judgment*, filed January 6, 2014 (doc. 14). Based on the relevant filings and applicable law, the defendant's motion to dismiss should be **GRANTED**, and Plaintiff's motion for summary judgment should be **DENIED**.

## I.  BACKGROUND

Billy Williams (Plaintiff) is an allegedly disabled individual suffering from asthma and hypersensitivity to secondhand tobacco smoke.  (Doc. 3 at 3, 10.)[1]  On June 11, 2013, he filed this suit against Eric Holder, Thomas E. Perez,[2] and the United States Department of Justice (DOJ) (collectively the Government) under the Administrative Procedures Act (APA), 5 U.S.C. § 702. Plaintiff challenges the Government's statutory interpretation of the Americans with Disabilities Act (ADA) generally, and 42 U.S.C. § 12201(b) in particular, in technical assistance letters that it issues

---

[1]  Citations to the record refer to the CM/ECF system page number at the top of each page rather than the page numbers at the bottom of each filing.

[2]  Plaintiff named Thomas E. Perez, the former Assistant Attorney General, as a defendant in this suit.  Because all of Plaintiff's claims against Mr. Perez relate to his official actions, the current Assistant Attorney General, Stuart F. Delery, is substituted as the defendant.

to covered entities as well as its failure to impose a smoking ban on all covered entities. (*See* docs. 3 at 1-2; 13 at 1-3, 8.) He claims the result of the Government's interpretation is intentional discrimination against persons impacted by smoking. *Id.* He also claims that the Assistant Attorney General violated 28 C.F.R. § 35.190(a) by failing to provide proper guidance to the U.S. Department of Transportation (DOT) on smoking policies. (Doc. 3 at 2.)

Plaintiff claims that he has been, and will continue to be, injured as a result of the Government's actions. He alleges that he filed a complaint with the Texas Lottery Commission asking that all of its lottery sales outlets be required to prohibit smoking under the ADA on August 13, 2012. (*See* doc. 3 at 3, 13-14.) The Texas Lottery Commission declined to enforce a blanket smoking ban on all of its sales outlets, however, citing a technical assistance letter by the Assistant Attorney General for the Civil Rights Division of the DOJ. The technical assistance letter stated that "the ADA . . . d[id] not require entities to enact legislation or to adopt policies to ban smoking. . . [,]" and that "[t]he ADA require[d] the analysis of the requested modifications to be made on a case-by-case basis." (*Id.* at 13.) Plaintiff also asserts that as the executive director of an organization named GASP of Texas, he submitted a complaint to the State of Kansas to seek a smoking ban in its casinos. (Doc. 3 at 3.) A law firm representing two Kansas casinos submitted a letter to the Director of Kansas Gaming Facilities arguing that the ADA did not require a mandatory smoking ban, also allegedly citing two technical assistance letters from the Government. (*Id.* at 3, 15-17.)

On November 18, 2013, the Government moved to dismiss Plaintiff's complaint under Fed. R. Civ. P. 12(b)(1) and 12(b)(6). (Doc. 8 at 4-6.) Plaintiff filed a response (doc. 13), but the Government did not file a reply. On January 6, 2014, Plaintiff filed a motion for summary judgment, arguing that a total smoking ban should be enforced under the ADA because there is no safe level

of secondhand smoking.  (Doc. 14 at 2-3.)  The Government filed a response on January 27, 2014

(doc. 16), and Plaintiff filed his reply on February 5, 2014 (docs. 18-19).[3]  The motions are now ripe

for recommendation.

### III. RULE 12(b)(1) MOTION TO DISMISS

The Government moves to dismiss this action under Rule 12(b)(1) for lack of subject matter

jurisdiction.  (Doc. 19 at 6.)

**A.**      **Rule 12(b)(1) Standard**

A motion to dismiss under Rule 12(b)(1) of the Federal Rules of Civil Procedure challenges

a federal court's subject matter jurisdiction.  *See* Fed.R.Civ.P. 12(b)(1).  Federal courts are courts

of limited jurisdiction; without jurisdiction conferred by the Constitution and statute, they lack the

power to adjudicate claims.  *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994)

(citations omitted).  They "must presume that a suit lies outside this limited jurisdiction, and the

burden of establishing federal jurisdiction rests on the party seeking the federal forum."  *Howery v.*

*Allstate Ins. Co.*, 243 F.3d 912, 916 (5th Cir.2001).

The district court may dismiss for lack of subject matter jurisdiction based on (1) the

complaint alone; (2) the complaint supplemented by undisputed facts in the record; or (3) the

complaint supplemented by undisputed facts plus the court's resolution of disputed facts.

*Williamson v. Tucker*, 645 F.2d 404, 413 (5th Cir.1981).  A motion to dismiss based on the

complaint alone presents a "facial attack" that requires the court to merely decide whether the

allegations in the complaint, which are presumed to be true, sufficiently state a basis for subject

---

[3]  Plaintiff titled his reply as Plaintiff's Brief in Support of the Motion for Summary Judgment and attached an appendix.  (Docs. 18-19.)

matter jurisdiction.  *See Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir.1998).  "If sufficient, those allegations alone provide jurisdiction."  *Id.*  Facial attacks are usually made early in the proceedings.  *Id.*  Where the defendant supports the motion with evidence, the attack is "factual" and "no presumptive truthfulness attaches to plaintiff's allegations, and the existence of disputed material facts will not preclude the trial court from evaluating for itself the merits of jurisdictional claims."  *Williamson*, 645 F.2d at 413.  A factual attack may occur at any stage of the proceedings.  *Menchaca v. Chrysler Credit Corp.*, 613 F.2d 507, 511 (5th Cir.1980).  Regardless of the nature of attack, the party asserting jurisdiction constantly carries the burden of proof to establish that jurisdiction does exist.  *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir.2001) (per curiam).

In this case, the Government does not support its motion to dismiss for lack of subject matter jurisdiction with evidence.  (Doc. 8.)  Because this is a facial attack on the complaint, deciding the issues raised by the parties does not require resolution of disputed factual matters outside the pleadings.  Accordingly, all of Plaintiff's factual allegations will be accepted as true.  *See Williamson*, 645 F.2d at 412.

## B.     The APA

The Government argues that the Court lacks subject matter jurisdiction over Plaintiff's claims under the APA.  (Doc. 8 at 4-5.)

Section 702 of Title 5 of the United States Code provides a right of review for persons "suffering legal wrong because of agency action, or adversely affected or aggrieved by agency action within the meaning of a relevant statute."  5 U.S.C. § 702.  To be adversely affected or aggrieved by agency action, a plaintiff must suffer injury-in-fact, and such injury must fall within the "zone of interests" protected by the ADA.  *See United States v. Students Challenging Regulatory*

4

*Agency Procedures*, 412 U.S. 669, 686 (1973).

Judicial review under the APA is limited to "[a]gency action made reviewable by statute and final agency action for which there is no adequate remedy in a court." 5 U.S.C. § 704. Federal courts may "hold unlawful and set aside agency action, findings, and conclusions found to be . . . 'arbitrary, capricious, [in] an abuse of discretion, or otherwise not accordance with law.'" 5 U.S.C. § 706(2)(A); *see Cieutat v. Bowen*, 824 F.2d 348, 352 (5th Cir. 1987) ("Where . . . the statute expressly entrusts the Secretary with responsibility for implementing a provision of the Act by regulation, judicial review is limited to determining whether the regulations exceed the Secretary's statutory authority and whether they are arbitrary or capricious."). The scope of review is a narrow one, as courts are "not empowered to substitute its judgment for that of the agency." *See Baker v. Bell*, 630 F.2d 1046, 1051-52 (5th Cir. 1980). Further, courts have no jurisdiction to review agency action when (1) a statute precludes judicial review or (2) "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a). Although there is a "'strong presumption' that Congress intends that federal courts review agency action," such presumption may be rebutted by a proper showing by the defendant. *Lundeen v. Mineta*, 291 F.3d 300, 305 (5th Cir.2002).

### 1. Technical Assistance Letters

The Government argues that it is "given discretionary authority for enforcing and for providing technical assistance to covered entities." (Doc. 8 at 4.) It contends that as Plaintiff's objection relates to "how [the Government] elected to act[, s]uch a decision is unreviewable." (*Id.*) (emphasis original).

As noted, §701(a)(2) provides no basis for federal jurisdiction when "agency action is committed to agency discretion by law." 5 U.S.C. § 701(a)(2). The Supreme Court has interpreted

this section to mean that review under the APA "is not to be had if the statute is drawn so that a court would have no meaningful standard against which to judge the agency's exercise of discretion." *Heckler v. Chaney*, 470 U.S. 821, 830 (1985).  Relying on *Heckler*, the Fifth Circuit has held that "[a]gency action is committed to agency discretion by law . . . if there are no statutory or regulatory provisions creating standards against which the agency action can be measured." *Perales v. Casillas*, 903 F.2d 1043, 1047 (5th Cir.1990).

The Government, through the Attorney General, is responsible for promulgating regulations implementing Title III of the ADA, and it issued the Title III regulations in 1991.  *See* 56 Fed.Reg. 35,544 (1991).  It is given discretion in bringing civil lawsuits to enforce the ADA.  *See* 42 U.S.C. § 12188(b) (stating that if the Government has reasonable cause to believe discrimination under the ADA has occurred, it "*may* commence a civil action in any appropriate United States district court." (emphasis added))  The Government is also given discretion in issuing technical assistance letters to assist individuals and covered entities under the ADA.  *See* 42 U.S.C. § 12206(c)(1) (stating that the relevant agency "*may* render technical assistance to individuals and institutions that have rights or duties under the respective subchapter or subchapters of this chapter for which such agency has responsibility." (emphasis added)).  There are no statutory standards against which a decision about whether to pursue a civil action or whether to issue a technical assistance letter related to the ADA can be measured.  *See* 5 U.S.C. § 701(a)(2); *Heckler*, 470 U.S. at 832 ("[A]n agency's decision not to take enforcement action should be presumed immune from judicial review under § 701(a)(2)").

Here, Plaintiff does not appear to challenge the Government's decision to issue the technical assistance letters that he claims led to his injury.  His claim appears to be rooted in the substantive interpretation of the ADA contained on those letters.  (*See* doc. 13.)  Agency interpretation of a

statute it is authorized to administer is given considerable weight, but courts do not lack jurisdiction

to review the agency's interpretation. *See Chevron U.S.A., Inc. v. NRDC*, 467 U.S. 837, 842 (1984)

(ruling that when courts review an agency's construction of a statute it was authorized to administer,

they should give the agency's construction considerable weight).   Where "the only or principal

dispute relates to the meaning of the statutory term, the controversy must ultimately be resolved, not

on the basis of matters within the special competence of the Secretary, but by judicial application

of canons of statutory construction." *Barlow v. Collins*, 397 U.S. 159, 166 (1970).  In fact, "judicial

review of such administrative action is the rule, and nonreviewability an exception which must be

demonstrated."  *Id.*  To the extent that Plaintiff challenges the Government's interpretation of the

ADA, his challenge to the interpretation is judicially reviewable, and the Government's 12(b)(1)

motion to dismiss any interpretation claim for lack of jurisdiction should be **DENIED**.

## 2.    *Smoking Ban*

The Government also moves to dismiss Plaintiff's claim regarding its failure to enforce a

smoking ban on all covered entities under the ADA because its enforcement authority is

discretionary.  (Doc. 8 at 4.)

As discussed, the Government is given discretion to bring civil suits to enforce the ADA and

issue technical assistance letters to explain responsibilities of the covered individuals and entities.

*See* 42 U.S.C. §§ 12188(b), 12206(c).  Enforcement of a smoking ban under the ADA is therefore

discretionary, and this Court lacks jurisdiction to review the Government's enforcement decision.

*See Heckler*, 470 U.S. at 832 ("[A]n agency's decision not to take enforcement action should be

presumed immune from judicial review under § 701(a)(2)").  The Government's motion to dismiss

under 12(b)(1) should be **GRANTED** to the extent that Plaintiff is challenging the Government's

failure to enforce a smoking ban.

## IV. 12(b)(6) MOTION TO DISMISS

The Government alternatively moves to dismiss Plaintiff's claims under Fed. R. Civ. P. 12(b)(6) for failure to state a claim upon which relief can be granted.  (Doc. 160.)

### A.      12(b)(6) Standard

Motions to dismiss under Federal Rule of Civil Procedure 12(b)(6) are disfavored and rarely granted.  *Sosa v. Coleman*, 646 F.2d 991, 993 (5th Cir.1981).  Under the 12(b)(6) standard, a court cannot look beyond the face of the pleadings.  *Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir.1996); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir.1999).  It is well-established that "*pro se* complaints are held to less stringent standards than formal pleadings drafted by lawyers."  *Miller v. Stanmore*, 636 F.2d 986, 988 (5th Cir.1981).  However, regardless of whether the plaintiff is proceeding *pro se* or is represented by counsel, pleadings must show specific, well-pleaded facts, not mere conclusory allegations to avoid dismissal.  *Guidry v. Bank of LaPlace*, 954 F.2d 278, 281 (5th Cir.1992).  The court must accept those well-pleaded facts as true and view them in the light most favorable to the plaintiff.  *Baker*, 75 F.3d at 196.  "[A] well-pleaded complaint may proceed even if it strikes a savvy judge that actual proof of [the alleged] facts is improbable, and 'that a recovery is very remote and unlikely.'"  *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 556 (2007) (citation omitted).

Nevertheless, a plaintiff must provide "more than labels and conclusions, and a formulaic recitation of the elements of a cause of action will not do."  *Id.* at 555; *accord Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (emphasizing that "the tenet that a court must accept as true all of the allegations contained in a complaint is inapplicable to legal conclusions").  The alleged facts must

"raise a right to relief above the speculative level." *Twombly*, 550 U.S. at 555.  In short, a complaint

fails to state a claim upon which relief may be granted when it fails to plead "enough facts to state

a claim to relief that is plausible on its face."  *Id.* at 570.

> A claim has facial plausibility when the plaintiff pleads factual content that allows
> the court to draw the reasonable inference that the defendant is liable for the
> misconduct alleged.   The plausibility standard is not akin to a "probability
> requirement," but it asks for more than a sheer possibility that a defendant has acted
> unlawfully.   Where a complaint pleads facts that are "merely consistent with" a
> defendant's liability, it "stops short of the line between possibility and plausibility of
> 'entitlement to relief.'"

*Iqbal*, 556 U.S. at 678 (citations omitted).  When plaintiffs "have not nudged their claims across the

line from conceivable to plausible, their complaint must be dismissed."  *Twombly*, 550 U.S. 570;

*accord Iqbal*, 556 U.S. at 679–80.

## B.    Unavailable Remedy

The Government moves, in the alternative, to dismiss all of Plaintiff's remaining claims for

failure to state a claim upon which relief can be granted on grounds that he seeks relief that is

unavailable.  (Doc. 8 at 6.)  It asserts that 42 U.S.C. § 12201(b) of the ADA permits a smoking ban

on covered entities but does not require it, so it is without authority to "create [the] blanket

requirement banning smoking" sought by Plaintiff by this action.  (*Id.* at 5-6.)

### 1.    *Statutory Interpretation*

Here, Plaintiff "demands that the Court compel Defendants to enforce the ADA requirement

that public entities and public accommodations make an effective modification to a smoking policy"

and "to provide technical assistance which is consistent with and cites" certain court decisions and

regulations.  (doc. 3 at 3.)  By seeking this relief, Plaintiff essentially challenges the Government's

interpretation of the ADA as not requiring a blanket smoking ban.

9

"When a court reviews an agency's construction of the statute which it administers, it is confronted with two questions.  First, always, is the question whether Congress has directly spoken to the precise question at issue.  If the intent of Congress is clear, that is the end of the matter . . . if the statute is silent or ambiguous with respect to the specific issue, the question for the court is whether the agency's answer is based on a permissible construction of the statute." *Chevron, U.S.A., Inc.*, 467 U.S. at 842-43; *Medical Center Pharmacy v. Mukasey*, 536 F.3d 383 (5th Cir. 2008).  Here, Congress has directly spoken on the issue of whether the ADA requires a smoking ban in 42 U.S.C. § 12201(b).  *See Medical Center Pharmacy*, 536 F.3d at 394 ("There is no better or more authoritative expression of congressional intent than the statutory text[.]").  Section 12201(b) states, in relevant part, as following:

> *Nothing in this chapter shall be construed to preclude the prohibition of, or the imposition of restrictions on, smoking* in places of employment covered by subchapter I, in transportation covered by subchapter II or III, or in places of public accommodation covered by subchapter III.

*Id.* (emphasis added).  The Government's interpretation, that "while covered entities are *permitted* to prohibit smoking in their facilities, they are *not required* to do so[]" under § 12201(b), is consistent with the statutory text.  (Doc. 8 at 5 (emphasis added).)  This ends the analysis.  *See Chevron, U.S.A., Inc.*, 467 U.S. at 842-43; *Texas v. United States*, 497 F.3d 491, 501 (5th Cir. 2007) ("[W]hen, as here, the statute is clear and unambiguous, that is the end of the matter; for [this] court, as well as the agency, must give effect to the unambiguously expressed intent of Congress." (quoting *K Mart Corp. v. Cartier, Inc.*, 486 U.S. 281, 291 (1988)).

Plaintiff argues that *Staron v. McDonald's Corp.*, 51 F.3d 353, 357 (2d Cir. 1995), rejected the Government's interpretation of § 12201(b) as not including a smoking ban when it stated that "the Congress did not intend to isolate the effects of smoking from the protections of the ADA."

(Doc. 13 at 3.)  Notwithstanding this observation, however, the *Staron* court concluded that a total ban on smoking was *permitted* under the ADA pursuant to § 12201(b) "if a court finds it appropriate under the ADA."  *Staron*, 51 F.3d at 357.  It did not find that one was required.  *Id.*

The Government's interpretation of § 12201(b) is consistent with the statutory text, and even with the *Staron* court's decision upon which Plaintiff relies.  *See Texas*, 497 F.3d at 501 ("[W]hen, as here, the statute is clear and unambiguous, that is the end of the matter; for [this] court, as well as the agency, must give effect to the unambiguously expressed intent of Congress.").  To the extent that he seeks an interpretation of the ADA as requiring a blanket smoking ban in all covered entities, Plaintiff has failed to state a claim upon which relief can be granted as a matter of law.

### 2.    *Agency Action*

Section 706(1) of the APA requires a reviewing court to "compel agency action unlawfully withheld or unreasonably delayed."  5 U.S.C. § 706(1).  It only "empowers a court to compel an agency 'to perform a ministerial or non-discretionary act,' or 'to take action upon a matter, without directing how it shall act'", however.  *Norton v. Southern Utah Wilderness Alliance*, 542 U.S. 55, 64 (2004) (quoting the Attorney General's Manual on Administrative Procedure Act 108 (1947)) (emphasis removed).  Courts therefore may compel agency action only when a plaintiff has asserted an agency's failure "to take a discrete agency action that it [was] *required* to take."  *Id.* at 64 (emphasis original).

To the extent that Plaintiff is not seeking to compel a specific statutory construction of the ADA, but rather, performance of agency action that he contends was required, the Government may not be directed to act in a certain manner.  *See Norton*, 542 U.S. at 64.  As already noted, the Government has discretionary authority in enforcing the ADA and issuing technical assistance

11

letters.  *See* 42 U.S.C. §§ 12188(b), 12206(c).[4]  Because there is no authority under which the Government can be *compelled* to enforce a blanket smoking ban, Plaintiff fails to state a claim upon which relief can be granted under the APA.  *See Oryszak v. Sullivan*, 576 F.3d 522, 524–25 (D.C. Cir. 2009) (explaining that a federal court has jurisdiction under 28 U.S.C. § 1331 to hear a claim under the APA, but because the APA does not apply to agency action committed to agency discretion by law, a plaintiff who challenges such an action cannot state a claim under the APA, and the court will properly grant a motion to dismiss the complaint for failure to state a claim).

## V.  MOTION FOR SUMMARY JUDGMENT

Because dismissal of all of Plaintiff's claims has been recommended, his motion for summary judgment should be **DENIED**.

## VI. OPPORTUNITY TO AMEND

Notwithstanding this failure to plead sufficient facts, the Fifth Circuit is inclined to give *pro se* plaintiffs several opportunities to state a claim upon which relief can be granted.  *See Scott v. Byrnes*, No. 3:07–CV–1975–D, 2008 WL 398314, at *1 (N.D.Tex. Feb.13, 2008); *Sims v. Tester*, No. 3:00–CV–0863–D, 2001 WL 627600, at *2 (N.D.Tex. Feb.13, 2001).  Courts therefore typically allow pro se plaintiffs to amend their complaints when the action is to be dismissed pursuant to court order, *see Robinette v. Merrill Lynch, Pierce, Fenner & Smith, Inc.*, Nos. 3:96–CV–2923–D, 3:97–CV–0353–D, 2004 WL 789870, at *2 (N.D.Tex. Apr. 12, 2004); *Sims*, 2001 WL 627600, at *2, or when a pro se plaintiff seeks to amend his complaint in response to a recommended dismissal,

---

[4]The ADA was not designed to require the Government to bring suits against all covered individuals and covered entities, as evidence by the fact that the ADA provides for a private cause of action.  42 U.S.C. § 12188(a)(1).  Courts note that "[a]s a result of both the [Government's] limited resources and the limited remedies available to Title III plaintiffs, 'most ADA suits are brought by a small number of private plaintiffs who view themselves as champions of the disabled.'"  *Gilkerson v. Chasewood Bank*, No. H-13-0132, 2014 WL 805996, *21 (S.D. Tex. Feb. 27, 2014) (quoting *Betancourt v. Federated Dept. Stores*, 732 F.Supp.2d 693, 701 (W.D. Tex. 2010)).

*see Swanson v. Aegis Commc'ns Group, Inc.*, No. 3:09–CV–0041–D, 2010 WL 26459, at *1 (N.D.Tex. Jan. 5, 2010); *Scott*, 2008 WL 398314, at *1. Courts may appropriately dismiss an action with prejudice without giving an opportunity to amend, however, when the plaintiff fails to respond to a motion to dismiss after being specifically invited to do so by the court, the defendant has specifically noted the failure to respond, and the plaintiff has had ample opportunity to amend the complaint. *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir.1995) (noting passage of 327 days). Dismissal with prejudice is also appropriate if a court finds that the plaintiff has alleged his best case. *Jones v. Greninger*, 188 F.3d 322, 327 (5th Cir.1999).

In this case, Plaintiff has not moved for leave to amend his complaint. Because the Court lacks jurisdiction over any enforcement claim, and his claims for a statutory construction or compelled action in a certain manner fail as a matter of law, it appears that any amendment will be futile and he has pled his best case to the Court.

## VII. RECOMMENDATION

The Government's Rule 12(b)(1) motion to dismiss should be **GRANTED** as to Plaintiff's claim regarding the Government's failure to enforce the ADA, and the claim should be **DISMISSED** without prejudice for lack of jurisdiction. Its Rule 12(b)(6) motion to dismiss should be **GRANTED** as to all of Plaintiff's remaining claims, and they should be **DISMISSED** with prejudice for failure to state a claim. Plaintiff's motion for summary judgment should be **DENIED**.

**SO RECOMMENDED on this 2nd day of September, 2014.**

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

13

## INSTRUCTIONS FOR SERVICE AND
## NOTICE OF RIGHT TO APPEAL/OBJECT

A copy of these findings, conclusions and recommendation shall be served on all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Automobile Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

IRMA CARRILLO RAMIREZ
UNITED STATES MAGISTRATE JUDGE

14