IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| BILLY WILLIAMS, | § § § | |
| Plaintiff, | § § | |
| v. | § § | Civil Action No. 3:13-cv-2179-O |
| ERIC HOLDER et al., | § § § | |
| Defendants. | § § § § | |

## ORDER ACCEPTING FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE UNITED STATES MAGISTRATE JUDGE

The United States Magistrate Judge made findings, conclusions, and a recommendation in this case. *See* ECF No. 20. Plaintiff objected. *See* Pl.'s Notice Objection, ECF No. 22. The Court has conducted a de novo review of those portions of the proposed findings and recommendation to which an objection was made. Anything not specifically objected to is subject to review for clear error.

### I.  BACKGROUND

Pro se Plaintiff brought this action alleging Defendants violated the Administrative Procedures Act (APA), 5 U.S.C. § 702, and requesting this Court to compel Defendants to enforce the Americans with Disabilities Act (ADA), 42 U.S.C. §§ 12101-12213. *See* Compl., ECF No. 3. Specifically, Plaintiff claims that Defendants "unlawfully except smoking and second hand tobacco smoke from the protections of the Americans with Disabilities Act (ADA) in violation of 5 U.S.C. § 706(1)." *Id.* at 1. Plaintiff contends that smoking bans are "the only *effective* modification of a smoking policy for the breathing disabled." *Id.* at 2, ¶ 6 (emphasis in original). To supplement his complaint, Plaintiff provides evidence that he is allergic to second-hand tobacco smoke. *Id.* Exs. A-

E. Plaintiff's prayer for relief requests that this Court compel Defendants to (1) "enforce the ADA requirement that public entities and public accommodations make an *effective* modification to a smoking policy unless . . . the requested modification would fundamentally alter the nature of [their] program"; and (2) "provide technical assistance which is consistent with the . . . court decisions and regulations with regard to smoking [cited by Plaintiff]." *Id.* at 3 (emphasis in original).

On November 18, 2013, Defendants moved to dismiss Plaintiff's complaint pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Defs.' Mot. Dismiss, ECF No. 8. Plaintiff responded to the Motion (ECF No. 13), and Defendants did not file a reply. On January 6, 2014, Plaintiff moved for summary judgment. *See* Pl.'s Mot. Summ. J., ECF No. 14. Defendants responded (ECF No. 16), and Plaintiff filed a reply (ECF Nos. 18-19).

On September 2, 2014, the United States Magistrate Judge made findings, conclusions, and a recommendation regarding both motions. *See* ECF No. 20. Specifically, she recommended that Defendants' motion to dismiss be granted and Plaintiff's motion for summary judgment be denied. Plaintiff objected on the following grounds: (1) the Magistrate Judge incorrectly characterized Plaintiff's complaint as seeking to enforce smoking bans under the ADA; and (2) the Magistrate Judge misinterpreted 42 U.S.C. § 12201(b) as "excepting smoking policies and smoking bans from the protections of the ADA."[1] *See* Pl.'s Objections, ECF No. 22.

## II.  LEGAL STANDARD

---

[1] The Court notes that Plaintiff made seven total objections. Plaintiff's objections in paragraphs A and D addressed the Court's apparent mischaracterization of Plaintiff's complaint, paragraphs B, C, and F addressed the Court's interpretation of 42 U.S.C. § 12201(b), and paragraphs E and G objected to the Magistrate Judge's recommendation that the Court grant Defendants' motion to dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure. *See* Pl.'s Objections, ECF No. 22. The Court addresses Plaintiff's objections in paragraphs A, D, E, and G together. *See infra* III.A. The Court also addresses paragraphs B, C, and F together. *See infra* III.B.

Before the Court are two motions: (1) a Motion to Dismiss pursuant to Rules 12(b)(1) and 12(b)(6) of the Federal Rules of Civil Procedure; and (2) a Motion for Summary Judgment. The legal standards are as follows.

### A.     Pro Se Litigant Pleading Standards

Allegations of pro se complaints are held to less stringent standards than formal pleadings drafted by attorneys. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A plaintiff's pleadings must be liberally construed, and ambiguity must be viewed in the pro se plaintiff's favor. *Erickson v. Pardus*, 551 U.S. 89, 94 (2007). However, "[e]ven a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson v. Atkins*, 999 F.2d 99, 100 (5th Cir. 1993).

### B.     Motion to Dismiss Pursuant to Rule 12(b)(1)

A 12(b)(1) motion to dismiss for lack of subject matter jurisdiction alleges that the court lacks the authority to hear the dispute. *See* Fed. R. Civ. P. 12(b)(1). Federal courts are courts of limited jurisdiction and must have "statutory or constitutional power to adjudicate the case." *CleanCOALition v. TXU Power*, 536 F.3d 469, 470 (5th Cir. 2008). Federal courts have jurisdiction only where a case or controversy is presented by a party with standing to litigate. *Nevares v. San Marcos Consol. Indep. Sch. Dist.*, 111 F.3d 25, 26 (5th Cir. 1997). Therefore, proper grounds for a Rule 12(b)(1) motion include the plaintiff's lack of standing to bring suit. *Steel Co. v. Citizens for a Better Env't*, 523 U.S. 83, 102 (1998). To prove standing, the plaintiff must establish injury in fact, causation, and redressability. *Croft v. Governor of Tex.*, 562 F.3d 735, 745 (5th Cir. 2009) (citing *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 560 (1992)). The injury in fact must be "concrete and...actual or imminent, not conjectural or hypothetical," and "the injury must affect the

3

plaintiff in a personal and individual way." *Lujan*, 504 U.S. at 560, 560 n.1 (1992). The party invoking jurisdiction bears the burden of demonstrating that jurisdiction exists. *Ramming v. United States*, 281 F.3d 158, 161 (5th Cir. 2001).

A court can find that subject matter jurisdiction is lacking based on "(1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." *Smith v. Potter*, 400 F. App'x 806, 809 (5th Cir. 2010).

When challenging subject matter jurisdiction under Rule 12(b)(1), a party can make a "facial attack" or a "factual attack." *Paterson v. Weinberger*, 644 F.2d 521, 523 (5th Cir. 1981). If the party merely files a Rule 12(b)(1) motion, it is considered a facial attack, and the court looks only at the sufficiency of the allegations in the pleading and assumes them to be true. *Id.* If, however, a party submits evidence, such as affidavits or testimony, in support of its Rule 12(b)(1) motion, the moving party makes a factual attack on subject matter jurisdiction, and the nonmovant must submit evidence and prove by a preponderance of the evidence that the court has jurisdiction. *IBEW-NECA Sw. Health & Benefit Fund v. Winstel*, No. 3:06-CV-0038-D, 2006 WL 954010, at *1 (N.D. Tex. Apr.12, 2006) (Fitzwater, J.) (citing *Paterson*, 644 F.2d at 523). A motion to dismiss for lack of subject matter jurisdiction "should be granted only if it appears certain that the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief." *Williams v. Certain Underwriters at Lloyd's of London*, 398 F. App'x 44, 46 (5th Cir. 2010) (quoting *Home Builders Ass'n of Miss., Inc. v. City of Madison*, 143 F.3d 1006, 1010 (5th Cir. 1998).

    **C.**    **Motion to Dismiss Pursuant to Rule 12(b)(6)**

A defendant may file a motion to dismiss a complaint under Federal Rule of Civil Procedure 12(b)(6) for "failure to state a claim upon which relief may be granted." Fed. R. Civ. P. 12(b)(6). To defeat a motion to dismiss pursuant to Rule 12(b)(6), a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Ashcroft v. Iqbal*, 556 U.S. 662, 663 (2009) (citing *Twombly*, 550 U.S. at 556). "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Id.* (quoting *Twombly*, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility of entitlement to relief.'" *Id.* (quoting *Twombly*, 550 U.S. at 557).

In reviewing a Rule 12(b)(6) motion, the Court must accept all well-pleaded facts in the complaint as true and view them in the light most favorable to the plaintiff. *Sonnier v. State Farm Mut. Auto. Ins. Co.*, 509 F.3d 673, 675 (5th Cir. 2007). The Court is not bound to accept legal conclusions as true, and only a complaint that states a plausible claim for relief survives a motion to dismiss. *Iqbal*, 556 U.S. at 678-79. When there are well-pleaded factual allegations, the Court assumes their veracity and then determines whether they plausibly give rise to an entitlement to relief. *Id.*

"When a complaint fails to adequately state a claim, such deficiency should be 'exposed at the point of minimum expenditure of time and money by the parties and the court.'" *Prewitt v. Continental Automotive*, 927 F. Supp. 2d 435, 443 (W.D. Tex. 2013) (quoting *Twombly*, 550 U.S. at 558). Courts should, however, give the plaintiff at least one chance to amend a complaint before

5

dismissing the action with prejudice. *Id.* (citing *Great Plains Trust Co. v. Morgan Stanley Dean Witter & Co.*, 313 F.3d 305, 329 (5th Cir. 2002)).

  **D.**  **Summary Judgment Standard**

Summary judgment is proper when the pleadings and evidence on file show "that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). "[T]he substantive law will identify which facts are material." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). A genuine issue of material fact exists "if the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Id.* The movant makes a showing that there is no genuine issue of material fact by informing the court of the basis of its motion and by identifying the portions of the record which reveal there are no genuine material fact issues. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986); Fed. R. Civ. P. 56(c).

When reviewing the evidence on a motion for summary judgment, the court must decide all reasonable doubts and inferences in the light most favorable to the non-movant. *See Walker v. Sears, Roebuck & Co.*, 853 F.2d 355, 358 (5th Cir. 1988). The court cannot make a credibility determination in light of conflicting evidence or competing inferences. *Anderson*, 477 U.S. at 255. As long as there appears to be some support for the disputed allegations such that "reasonable minds could differ as to the import of the evidence," the motion for summary judgment must be denied. *Id.* at 250.

**III.** **ANALYSIS**

Plaintiff appears before the Court pro se, so he is entitled to less stringent pleading standards. Having conducted a de novo review of those portions of the proposed findings and recommendation to which objections were made, the Court addresses each of Plaintiff's objections in turn**.**

### A.   Plaintiff's Claim for Relief

In his objections, Plaintiff asserts the Magistrate Judge misconstrued his prayer for relief as requesting that Defendants enforce smoking bans. *See* Pl.'s Objections, ECF No. 22. However, Plaintiff contends that smoking bans are "the only *effective* modification of a smoking policy for the breathing disabled," and then demands that Defendants "enforce the ADA requirement that public entities and public accommodations make an *effective* modification to a smoking policy." Compl. 2-3 (emphasis in original). The Court reasonably assumed that Plaintiff seeks smoking bans. Even if the Court unintentionally mischaracterized Plaintiff's claim for relief, Plaintiff did not clarify this ambiguity in his objections. Instead, Plaintiff listed Fifth Circuit and Supreme Court case law on second-hand smoke and smoking bans. "Even a liberally construed pro se civil rights complaint . . . must set forth facts giving rise to a claim on which relief may be granted." *Johnson*, 999 F.2d at 100. Plaintiff has not set forth facts giving rise to a claim upon which relief may be granted. This objection is overruled. Accordingly, the Court accepts the Magistrate Judge's remaining findings, conclusions, and her recommendation regarding Plaintiff's claim for relief.

### B.   The Court's Interpretation of 42 U.S.C. § 12201(b)

Plaintiff also objects to the Magistrate Judge's interpretation of the construction provision of the ADA, 42 U.S.C. § 12201(b). The Court's interpretation is guided by *Chevron* deference, in which the Supreme Court instructed courts to defer to agency interpretations of such statutes unless they are unreasonable. *Chevron U.S.A., Inc. v. Natural Res. Def. Counsel, Inc.*, 467 U.S. 837, 844-45 (1984). Section 12201(b) states, in relevant part, "Nothing in this chapter shall be construed to preclude the prohibition of, or the imposition of restrictions on, smoking in places of employment covered by subchapter I, in transportation covered by subchapter II or III, or in places of public

accommodation covered by subchapter III." 42 U.S.C. § 12201(b). The Government's interpretation of § 12201(b) as being permissive instead of mandatory is not unreasonable under *Chevron*. The Magistrate Judge correctly deferred to the Government's interpretation of the statute. Accordingly, this objection is overruled, and the Court accepts the Magistrate Judge's remaining findings, conclusions, and her recommendation.

## IV.   CONCLUSION

Plaintiff's objections are **OVERRULED**, and the Court **ACCEPTS** the Findings, Conclusions, and Recommendation of the United States Magistrate Judge as the findings of the Court. Accordingly, Defendants' Motion to Dismiss (ECF No. 8) is hereby **GRANTED** and Plaintiff's claims against Defendants are **DISMISSED with prejudice**. Plaintiff's Motion for Summary Judgment (ECF No. 14) is hereby **DENIED**.

**SO ORDERED** on this **23rd day of September, 2014.**

_____
Reed O'Connor
**UNITED STATES DISTRICT JUDGE**